UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>SIGURD ANDERSON,<br><br>    Respondent. | Case No. 14-cv-01932-JST<br><br>**NOTICE OF *EX PARTE* COMMUNICATION** |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

The Court hereby gives notice that it received *ex parte* communication from Petitioner, namely two copies of two documents: "United States' Motion to Maintain Supplemental Declaration of Revenue Agent Sarah Ho in Support of Verified Petition to Enforce Internal Revenue Service Summons," and "Supplemental Declaration of Revenue Agent Sarah Ho in Support of Vertified Petition to Enforce Internal Revenue Service Summons Under Seal." The submissions were not accompanied by a certificate indicating that they had been served on Respondent, and the submissions were not filed on the docket.

The Court is prohibited from receiving *ex parte* communications. An *ex parte* communication occurs when one party communicates with the court, orally in writing, either without notice to or without the presence of the other party or parties. Canon 3(A)(4) of the Code of Conduct for United States Judges provides that, except in circumstances not present here, "a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers."

Additionally, Civil Local Rule 11-4(c) provides:

> Except as otherwise provided by law, these Local Rules or otherwise

ordered by the Court, an attorney or party to an action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel.

If there is an applicable exception to this rule, Petitioner has not identified it. The Court has reviewed only the motion itself, which cites no authority for the proposition that the Court may consider *ex parte* information. Beyond reviewing the motion, no Court personnel have reviewed the material except to confirm the contents of the envelopes, and no Court personnel have read the material in the declaration. The Court's normal practice would be to post the entirety of the documents on the docket, but since the labels on the envelope indicate the information is sensitive, the Court is instead returning the documents to Petitioner. Petitioner is directed to make arrangements with the courtroom deputy to retrieve the documents.

The procedures for moving to file documents under seal are described in Civil Local Rule 79-5 and at http://www.cand.uscourts.gov/ecf/underseal. If Petitioner believes it is entitled to submit information for the Court's consideration in this action without disclosing that information to Defendant, it shall file an appropriate motion on the docket setting forth authority for its request.

**IT IS SO ORDERED**.

Dated: August 22, 2014

                                                                                      _____
JON S. TIGAR
United States District Judge