UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>SIGURD ANDERSON,<br><br>Respondent. | Case No. 14-cv-01932-JST<br><br>**ORDER GRANTING PETITIONER UNITED STATES OF AMERICA'S PETITION TO ENFORCE IRS SUMMONS**<br><br>Re: Dkt. Nos. 1, 17, 21, 33, 36, 44, 50 |

Before the Court is the United States' Verified Petition to Enforce Internal Revenue Service Summons ("the Petition") against Respondent Sigurd Anderson. The Court will grant the petition.

## I.  BACKGROUND

The Petition arises from an Internal Revenue Service ("IRS") investigation being prosecuted by Revenue Agent Sarah Ho ("Agent Ho"). ECF No. 1 at ¶ 4. The investigation concerns Respondent's tax liabilities and investment activities for the years of 2009 and 2010. Id. On December 17, 2013, Agent Ho issued a summons for documents and testimony related to the alleged tax liabilities. Id. at ¶ 5; ECF No. 1-2. Pursuant to the summons, IRS officials including Agent Ho interviewed Respondent on January 14, 2014. Respondent refused to answer a majority of the questions posed to him, and did not supply any of the requested documents, claiming various grounds of privilege. Id. at 9-10.

Seeking a court order compelling Respondent's cooperation with the summons, the IRS filed the instant Petition on April 25, 2014. ECF No. 1. On May 23, 2014, this Court found that the Government had established its prima facie case and ordered Respondent to show cause why he should not be compelled to produce the requested documents and testimony. ECF No. 9. The

parties subsequently submitted briefing. ECF Nos. 1, 17, 21, 33, 36, 44, 50. The Government's briefing included a supplemental reply, which Respondent thereafter moved to strike, in part. ECF Nos. 36, 44.

**II.     JURISDICTION AND LEGAL STANDARD**

The IRS has authority to examine books and witnesses pursuant to a summons under 26 U.S.C. § 7602(a). "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. § 7604.

The specific legal procedure governing the court's inquiry is well-established. See United States v. Powell, 379 U.S. 48 (1964); United States v. Clarke, 134 S. Ct. 2361 (2014). First, the United States must outline its prima facie case. See Crystal v. United States, 172 F.3d 1141 (9th Cir. 1999). To do so, the United States must show that "1) the investigation will be conducted for a legitimate purpose 2) the material being sought is relevant to that purpose 3) the information sought is not already in the IRS's possession and 4) the IRS complied with all the administrative steps required by the Internal Revenue Code." Id. at 1143-1144. The statute is enforced in the context of the Government's legitimate interest in collecting taxation revenue; "[t]he burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. at 1144 (internal quotation omitted). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." United States v. Dynavac, Inc. 6 F.3d 11407, 1414 (9th Cir. 1993).

Once the Government has succeeded in carrying its initial burden, the burden shifts to the Respondent. Crystal 172 F.3d at 1144. "[T]hose opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . this burden is a heavy one." Id. at 1144 (internal quotation omitted).

1    Established grounds for challenging the summons include demonstrating "failure to satisfy the
2    Powell requirements." United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc).
3    Abuse of process, such as bad faith use of the procedure to harass or pressure the taxpayer
4    regarding other disputes, is also recognized as grounds to invalidate the summons. Powell, 379
5    U.S. at 58. The Government also may not seek enforcement of a summons when it has already
6    decided to recommend the matter for prosecution. See United States v. LaSalle National Bank,
7    437 U.S. 298, 314 (1978). "[T]he dispositive question in each case is whether the Service is
8    pursuing the authorized purposes in good faith." Crystal, 172 F.3d at 1144-1145 (internal
9    quotation omitted).

## III.   DISCUSSION

This Court previously found that the Government had established a prima facie case under Powell based upon its initial Petition and accompanying Declaration. ECF No. 9 at 1. The Government has demonstrated through Agent Ho's declarations and the supporting documents that the investigation's purpose is to seek Respondent's records regarding tax liabilities and foreign banking and investment activities. ECF No. 1 at ¶ 4. The declarations of Agent Ho and the supporting documents establish that the material sought is indeed relevant to the investigation's purpose. ECF No. 1 at ¶ 5, 6, and 13. The declarations assert that the records presently sought are not currently in the possession of the Government. ECF No. 1 at ¶ 7. Finally, the Government asserts that it has complied with all administrative steps required, including proper notice and summons. ECF No. 1 ¶ 8-12.

Because the Government has carried its initial burden and established a prima facie case, the burden shifts to Respondent to rebut the Government's assertions. Crystal, 172 F.3d at 1144.

### A.   Challenges to the Government's Powell Prima Facie Case

Direct, factual challenges to one of the four prongs established under the Powell line of cases are a well-recognized method for demonstrating that the Government is not justified in requesting that the Court enforce its summons. Action Recycling at 1142-1145. "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Jose, 131 F.3d at 1328 (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390,

1    1392 (9th Cir.1985)).

2    Respondent argues that the Government's use of the word "control" rather than "care"
3    renders its summons overly expansive and thus illegitimate, ECF No. 33 at 10-11, but cites no
4    authority for this proposition.  The cases make clear that someone responding to an enforcement
5    subpoena must produce documents in her control as well as those in her possession.  See <u>United</u>
6    <u>States v. Vallance</u>, 793 F.2d 1003, 1005 (9th Cir. 1986) (district court did not err in enforcing
7    subpoena where respondent failed to present evidence that documents were not in his control);
8    <u>United States v. Bright</u>, 596 F.3d 683, 692-95 (9th Cir. 2010) (noting that issues to be litigated in
9    enforcement subpoena included "privilege, possession and control"); <u>United States v. Ellsworth</u>,
10   460 F.2d 1246, 1248 (9th Cir. 1972) (ordering corporate secretary to produce documents in his
11   control); <u>United States v. Rylander</u>, 460 U.S. 752, 757 (1983) ("Thus while [Respondent] could
12   not attack the enforcement order on the ground that he lacked possession or control of the records
13   at the time the order was issued, he could defend the contempt charge on the ground that he was
14   *then* unable to comply because he lacked possession or control.").  Respondent fails to
15   demonstrate that the Government's use of the word "control" exceeds the legitimate statutory
16   purpose.

17   Respondent next argues that the Government has not shown that it does not already
18   possess the information requested by the subpoena.  ECF No. 33 at 11.  Respondent also claims
19   that that Government's possession of certain documents demonstrates that the Government is
20   requesting duplicative documents.  ECF No. 33 at 11-12.  Respondent provides no evidence to
21   demonstrate that the Government's requests actually overlap with the documents it has entered as
22   exhibits or already has in its possession.  In light of this lack of evidence and the Government's
23   broad discretion to request documents related to its legitimate purpose, Respondent has failed to
24   carry his burden of demonstrating the summons is not valid.  <u>Crystal</u>, 172 F.3d at 1141.

25   **B.     Abuse of Process**

26   Abuse of process is another well-established ground for challenging the good faith intent
27   of an IRS summons.  <u>Powell</u>, 379 U.S. at 58.  Enforcement of a summons effectively invokes the
28   process of the court, which may not be used for an improper purpose.  <u>United States v. Stuart</u> 489

U.S. 353, 360 (1989). But "[n]aked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." United States v. Clarke, 134 S. Ct. at 2367.

Here, Respondent argues that the Government made overly broad requests, failed to recognize that Respondent did, in fact, answer some of the questions asked of him after the administrative summons, and that IRS counsel illegally attended the proceeding. ECF No. 33 at 12-14. An accusation of abuse of process necessarily implicates the use of a legal proceeding for a purpose beyond what is recognized as legitimate. See Powell, 379 U.S. at 85 ("[A]buse of process would take place if the summons had been used for an *improper purpose*. . . ." (emphasis added)).. Respondent fails to allege that the Government sought to enforce the summons out of any sort of illicit objective or impermissible, collateral intent beyond the purposes of investigating Respondent's tax liabilities and foreign banking activities.

Respondent also states that the Government is unfairly conducting this investigation to obtain forbidden discovery for a potential criminal case, ECF No. 33 at 14-15, essentially alleging bad faith. Crystal, 172 F.3d at 1144 ("[G]athering evidence after having decided to make a recommendation for prosecution would be an improper purpose. . . ."). Respondent fails to provide specific facts or evidence to demonstrate that the Government is seeking to refer his case for prosecution, instead stating only that "Anderson has proven facts . . . that the IRS is . . . seeking [criminal] discovery. . . ." ECF No. 33 at 15. The Government has stated that it has not referred the matter to the Justice Department. ECF No. 1 at 3. Without more, these allegations are insufficient for Respondent to meet his burden in demonstrating an abuse of process.

**C.      Privilege**

Respondent claims that the information sought by the IRS is protected by various grounds of privilege. ECF No. 33 at 19-25. Specifically, Respondent claims that his Fifth Amendment right against self-incrimination, spousal privilege, attorney-client privilege, and tax practitioner privilege each bar the enforcement of the IRS summons. Id.

Respondent is correct that a taxpayer may invoke his Fifth Amendment rights in response to an IRS summons under certain circumstances. United States v. Drollinger, 80 F.3d 389, 392

1    (9th Cir.1996) ("A claim of Fifth Amendment privilege may be asserted if there are 'substantial
2    hazards of self-incrimination that are real and appreciable. . . ."). When invoking the Fifth
3    Amendment, however, the party seeking protection must justify the invocation of the privilege.
4    Hoffman v. United States, 341 U.S. 479, 486 (1951). Mere "blanket assertion[s]" of Fifth
5    Amendment rights are insufficient. United States v. Brown, 918 F.2d 82, 84 (9th Cir.1990). The
6    process requires a question-by-question or document-by-document review. United States v.
7    Bodwell, 66 F.3d 1000, 1001 (9th Cir.1995).
8         Here, Respondent does not point to specific documents or questions and explain with
9    specificity why any of the privileges he claims should apply. Instead, Respondent has claimed
10   that *all* documents in his possession sought by the IRS are privileged by the Fifth Amendment.
11   Such a blanket assertion of privilege cannot bar enforcement of the summons. See Brown, 918
12   F.2d at 84 (concluding that privilege claim was properly rejected where petitioner "did not attempt
13   . . . to make a document-by-document or question-by-question claim of privilege, though he could
14   have done so" but instead asserted "a blanket privilege").
15        Respondent makes his other privilege assertions in similarly blanket manner. "It is
16   incumbent upon [the individual seeking evidentiary privilege] to make a particular assertion with
17   respect to each specific category of requested information to which he claimed the privilege
18   applied." United States v. Abrahams, 905 F.2d 1276, 1283 (9th Cir. 1990) (overruled by United
19   States v. Jose on other grounds). For each category of privilege, the individual invoking the
20   privilege has the burden of establishing that the information sought satisfies the conditions
21   required by the privilege. United States v. Flores, 628 F.2d 521 (9th Cir.1980). Without some
22   demonstration of why *specific* documents should be privileged, the Court cannot deny
23   enforcement of the petition on the grounds of privilege. Respondent was asked by the Court in its
24   Order to Show Cause, ECF No. 9, to make some showing of why privilege should bar
25   enforcement of the petition, and Respondent has failed to do so. In light of this failure,
26   Respondent cannot rely on claims of privilege to justify a blanket refusal to produce documents or
27   provide testimony related to the investigation.
28

**D.     Other Challenges**

Respondent argues that the Petition is moot because he has already responded to the Government's record requests and provided some testimony. ECF No. 33 at 5-8. But Respondent has not provided the IRS with any of the requested documents, nor has he provided anything more than blanket assertion of privilege at the proceeding. Because the IRS seeks to use the Petition to compel the production of documents Respondent has thus far refused to produce, and obtain testimony the Respondent has thus far refused to provide, the matter is not moot and is fit for disposition.

Respondent also argues that Petition is filed incorrectly and that the Court should construe the process as, essentially, a standalone request for preliminary and permanent injunction. ECF No. 33 at 8-9. The Court is not persuaded by this argument. The IRS petition enforcement process is well-established and has been appropriately exercised by the Government in this case. The Court likewise finds Respondent's challenges under the Administrate Procedure Act inapposite, as "[a]n IRS investigation . . . is not an adjudicative order subject to the requirements set forth in the Administrative Procedures Act." Kernan v. I.R.S., 2006 WL 2091668 at *4 (D. Ariz. 2006).

Finally, Respondent has submitted a motion to strike, asking this Court to strike various arguments he alleges that the Government raised for the first time in its Reply briefing. Respondent uses this motion to raise numerous new substantive arguments of his own. The Court notes that it has only considered those arguments that were properly raised by the parties during the course of the briefing. Respondent's motion to strike is denied.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the United States' petition to enforce the IRS summons. Respondent is ORDERED to appear before Revenue Agent Sarah Ho, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Agent Ho or her designee, and produce the documents and give the testimony called for by the terms of the

/ / /

/ / /

/ / /

1  summons dated December 17, 2013, a copy of which is attached as an exhibit to the Declaration of
2  Sarah Ho dated April 25, 2014.
3  **IT IS SO ORDERED.**
4  Dated: November 24, 2014

_____
JON S. TIGAR
United States District Judge