UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>SIGURD ANDERSON,<br><br>          Defendant. | Case No.  14-cv-01932-JST<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: ECF Nos. 62, 64 |

On November 25, 2014, the Court granted the Government's Petition to Enforce the IRS Summons.  ECF No. 61.  The Court ordered Respondent Sigurd Anderson "to appear before Revenue Agent Sarah Ho, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Agent Ho or her designee, and produce the documents and give the testimony called for by the terms of the summons dated December 17, 2013, a copy of which is attached as an exhibit to the Declaration of Sarah Ho dated April 25, 2014."  Id.

Respondent has now filed a motion to stay the Court's order granting the petition to enforce the summons.  ECF No. 62.  Respondent has also filed a motion for instructions to comply with the Court's order.  ECF No. 64.

I.      BACKGROUND

The underlying petition arises from an Internal Revenue Service ("IRS") investigation being prosecuted by Revenue Agent Sarah Ho ("Agent Ho").  ECF No. 1 at ¶ 4.  The investigation concerns Respondent's tax liabilities and investment activities for the years of 2009 and 2010.  Id.  On December 17, 2013, Agent Ho issued a summons for documents and testimony related to the alleged tax liabilities.  Id. at ¶ 5; ECF No. 1-2.  Pursuant to the summons, IRS officials including Agent Ho interviewed Respondent on January 14, 2014.  Respondent refused to answer a majority of the questions posed to him, and did not supply any of the requested documents, claiming

1    various grounds of privilege.  Id.  at 9-10.

2         Seeking a court order compelling Respondent's cooperation with the summons, the IRS

3    filed a petition to enforce the IRS summons on April 25, 2014. ECF No. 1. On May 23, 2014, this

4    Court found that the Government had established its prima facie case and ordered Respondent to

5    show cause why he should not be compelled to produce the requested documents and testimony.

6    ECF No. 9.  Following briefing on the order to show cause, the Court concluded that Respondent

7    had not succeeded in meeting his heavy burden to demonstrate that the government had not met its

8    prima facie case or that the summons had been brought for an improper purpose.  ECF No. 61 at

9    3-6.  The Court also rejected Respondent's attempts to invoke a blanket privilege over all the

10   documents and answers sought by the IRS.  Id. at 6.

11   **II.    MOTION TO STAY**

12        **A.    Legal Standard**

13        Under Federal Rule of Civil Procedure 63(c), a District Court "may suspend, modify,

14   restore, or grant an injunction" while an appeal is pending from a final judgment.  "The Court

15   considers the same criteria as the traditional equitable criteria for granting preliminary injunctive

16   relief,  which are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable

17   injury to the moving party if the stay is not granted; (3) a balance of hardships favoring the

18   moving party; and (4) advancement of the public interest."  United States v. Lee, Goddard &

19   Duffy, LLP, 553 F. Supp. 2d 1164, 1166-67 (C.D. Cal. 2008).

20        **B.    Analysis**

21             **i.    Likelihood of Success on the Merits**

22        The Court finds that Respondent is unlikely to succeed on appeal, weighing against the

23   issuance of a stay.  A party seeking to prevent the enforcement of an IRS summons bears a heavy

24   burden.  Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).  "The courts' role in a

25   proceeding to enforce an administrative subpoena is extremely limited." RNR Enterprises, Inc. v.

26   S.E.C., 122 F.3d 93, 96 (2d Cir. 1997).  "Enforcement of a summons is generally a summary

27   proceeding to which a taxpayer has few defenses."  United States v. Derr, 968 F.2d 943, 945 (9th

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Cir. 1992).

2          The Court analyzed Respondent's arguments in its order granting the petition for

3  enforcement of the IRS summons and found that Respondent had failed to satisfy that burden.

4  ECF No. 61.  In resolving this motion, the Court has again reviewed Respondent's arguments

5  again and concludes they lack merit.  In his motion to stay, Respondent asserts several arguments

6  that were not properly raised in his initial briefing, but raised for the first time in a motion to

7  strike, which the Court declined to address in its prior order.  Id. at 7.  These arguments are also

8  unlikely to prove successful on appeal.  The Court notes that Respondent's likelihood of success

9  on appeal is further lessened by the clearly erroneous standard of review that will be applied by

10  the Ninth Circuit to the mixed questions of law and fact presented.  See, e.g., United States v.

11  Blackman, 72 F.3d 1418, 1422 (9th Cir. 1995); Lee, Goddard & Duffy, 553 F.Supp.2d at 1167.

12                          ii.        **Irreparable Injury**

13          Respondent argues that he will be irreparably injured in the absence of a stay because he

14  will be compelled to waive his privilege.  The Court disagrees.  The Supreme Court has held that

15  an appeal of a Court's order enforcing compliance with an IRS summons is not mooted when the

16  documents are produced or testimony is given.  Church of Scientology of California v. United

17  States, 506 U.S. 9, 13 (1992).  Although "a court may not be able to return the parties to the *status*

18  *quo ante*—there is nothing a court can do to withdraw all knowledge or information that IRS

19  agents may have acquired by examination of the tapes—a court can fashion *some* form of

20  meaningful relief in circumstances such as these."  Church of Scientology of California v. United

21  States, 506 U.S. 9, 12-13 (1992).  Citing Church of Scientology, District Courts have routinely

22  found that no irreparable injury would result from the denial of a stay pending appeal of an order

23  enforcing compliance with an IRS summons.  See, e.g., Lee, Goddard & Duffy, LLP, 553 F. Supp.

24  2d at 1168; United States v. Diversified Grp., Inc., No. M 18-304 PKL, 2002 WL 31812701, at *1

25  (S.D.N.Y. Dec. 13, 2002); United States v. Bright, No. CIV. 07-00311 ACK-KS, 2008 WL

26  351215, at *2 (D. Haw. Feb. 7, 2008).  The Court agrees that Respondent will not be irreparably

27  injured in the absence of a stay.

28

United States District Court
Northern District of California

### iii.      Balance of Hardships and Public Interest

The balance of hardships weighs against a stay, as the government has a "need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974).  Because the government served the summons over a year ago, petitioner has already succeeded in frustrating the government's efforts to expeditiously assess Respondent's tax liabilities.  Issuance of a stay pending appeal would further complicate a potential IRS investigation, because the passage of time would result in the dimming of memories of witnesses and the potential loss of documents.  In contrast, as noted above, any injury to Respondent resulting from compliance could be remedied if Respondent's arguments ultimately prevail on appeal.  See Church of Scientology, 506 U.S. at 12-13.  Therefore, the balance of hardships weighs against granting the stay.

"In actions brought by federal agencies, 'the government's interest is in large part presumed to be the public's interest.'" Bright, 2008 WL 351215 at *3 (citing United States v. Rural Elec. Convenience Cooperative Co., 922 F.2d 429, 440 (7th Cir.1991).  Given the government's substantial interest in assessing tax liability, staying the enforcement of the summons further would also be contrary to the public interest.

### C.      Conclusion

Because all of the factors weigh against a stay of the enforcement of the summons, petitioner's request for a stay pending appeal is denied.

## III.      MOTION FOR INSTRUCTIONS TO COMPLY

Respondent has also filed a motion for miscellaneous relief asking the Court for instructions on how to comply with the Court's order granting enforcement of the summons.  ECF No. 64.  Respondent essentially asks the Court to instruct him how he may avoid the risk of being held in contempt in the future.  Respondent does not identify any authority under which he seeks such relief.[1]  The Court cannot offer Respondent instructions on how to proceed so as to avoid

---

[1] On January 7, 2015, Respondent filed a Statement of Recent Decision for the purpose of calling the Court's attention to Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, No. 12-35266, ___ Fed. Appx. ___, 2014 WL 7235539 (9th Cir. Dec. 19, 2014).  The filing violated Local

being held in contempt, as no motion for contempt is currently before the Court.  The Court notes only that the government's prior motion, which the Court granted, sought to enforce the IRS summons.  ECF No. 61.  The Court again directs Respondent to "produce the documents and give the testimony called for by the terms of the summons dated December 17, 2013."  Id. at 7-8.

## IV.   CONCLUSION

For the foregoing reasons, Respondent's motion for a stay and motion for instructions to comply are both DENIED.

**IT IS SO ORDERED.**

Dated: January 21, 2015

_____
JON S. TIGAR
United States District Judge

---

Rule 7-3(d), which provides that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.  The only relevant exception is that "*[b]efore the noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument."  Id., subpart (2).  Nonetheless, the Court has considered the Cetacean Research case in deciding this motion.  In that case, a panel of the Ninth Circuit observed that a defendant who claimed that the terms of an injunction were unclear had not availed itself of the opportunity to seek clarification of those terms from the issuing court.  Id. at *16.  The case does not create a right to seek from a court clarification of the terms of a summons issued by a third party.