UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Petitioner,<br>　　v.<br>SIGURD ANDERSON,<br>　　　　Respondent. | Case No. 14-cv-01932-JST<br><br>**ORDER GRANTING MOTION TO FIND RESPONDENT IN CONTEMPT**<br>Re: ECF No. 89 |

Before the Court is Petitioner's Motion for Order Finding Respondent in Contempt. ECF No. 89. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

On April 24, 2014, Petitioner filed a Verified Petition to Enforce IRS Summons. ECF No. 1. The Petition arises from an Internal Revenue Service ("IRS") investigation being prosecuted by Revenue Agent Sarah Ho ("Agent Ho"). Id. at ¶ 4. The investigation concerns Respondent's tax liabilities and investment activities for the years of 2009 and 2010. Id. On December 17, 2013, Agent Ho issued a summons for documents and testimony related to the alleged tax liabilities. Id. at ¶ 5; ECF No. 1-2. Pursuant to the summons, IRS officials including Agent Ho interviewed Respondent on January 14, 2014. Respondent refused to answer a majority of the questions posed to him, and did not supply any of the requested documents, claiming various grounds of privilege. Id. at 9–10.

On May 23, 2014, the Court found that the government had established its prima facie case and ordered Respondent to show cause why he should not be compelled to produce the requested documents and testimony. ECF No. 9. On November 25, 2014, the Court granted the government's petition to enforce the IRS summons and ordered Respondent to "appear before Revenue Agent Sarah Ho, or any other proper officer or employee of the IRS, at such time and

1    place as may be set by Revenue Agent Ho or her designee, and produce the documents and give
2    the testimony called for by the terms of the summons . . . ." ECF No. 61 at 7–8.
3        On December 8, 2014, Respondent file a Motion to Stay the Order Granting Enforcement
4    of the IRS Summons, which motion the Court denied on January 21, 2015. ECF Nos. 62, 75. The
5    Court also denied Respondent's Motion for Instructions to Comply, ECF No. 64, again directing
6    Respondent to "produce the documents and give the testimony called for by the terms of the
7    summons . . . ." ECF No. 75 at 5.
8        On February 12, 2016, the government filed a Motion for Order Finding Respondent in
9    Contempt. ECF No. 89. The motion states that "although Respondent has produced some records
10   to Revenue Officer Ho, he has failed to produce at least one category of responsive documents
11   presumed to exist and to be within Respondent's control." Id. at 2. The motion notes that
12   Respondent has failed to produce any documents related to a Swiss bank account under
13   Respondent's control, even though Respondent owns the account, the summons calls for
14   production of "numerous categories of information regarding this account," "the account had a
15   balance of well over $10,000 during 2008 . . . , the account had a balance on the last day of 2008,
16   and . . . the account remained open in 2009." Id. at 5. The motion also states that "records
17   pertaining to this account are under Respondent's control, even if he does not presently have
18   copies, so long as he can secure copies by requesting them from the bank." Id.
19       On February 26, 2016, Respondent filed a document entitled "Answer of Sigurd Anderson
20   to Civil Action Complaint for Contempt." ECF No. 96. The Court will liberally construe this
21   document as an Opposition to Petitioner's Motion for Order Finding Respondent in Contempt.
22   Respondent filed a Reply Brief on February 29, 2016, ECF No. 99, and the Court held a hearing
23   on March 24, 2016, at which Respondent had the opportunity to testify regarding the documents
24   which he had produced pursuant to the IRS Summons.

## II. LEGAL STANDARD

26   District courts have "inherent power to enforce compliance with their lawful orders
27   through civil contempt." Cal. Dep't of Social Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir.
28   2008). "A person who fails to comply with an order enforcing an IRS summons may be held in

contempt." United States v. Bright, No. 07-cv-00311, 2008 WL 3876111, at *3 (D. Haw. Aug. 20, 2008) aff'd as modified, 596 F.3d 683 (9th Cir. 2010) (citing United States v. Rylander, 460 U.S. 752, 753, 103 S.Ct. 1548 (1983)).

In moving for an order finding Respondent in contempt, the government bears "the burden to show (1) that [Respondent] violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotation marks omitted). "The burden then shifts to the contemnor[] to demonstrate why [he was] unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (internal quotation marks omitted). It is a "long-standing rule," however, "that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1999). Accordingly, a contemnor may not "challenge[] . . .the validity of the summons and the enforcement order" during contempt proceedings. Id.; Bright, 596 F.3d at 694 ("When defending against a finding of contempt after an adversary enforcement proceeding, a taxpayer cannot relitigate the Fifth Amendment privilege or lack of custody or control.").

The alleged contemnor is entitled to "reasonable notice of the specific charges and [the] opportunity to be heard in his own behalf." Taylor v. Hayes, 418 U.S. 488, 498–99 (1974). Notice of the contempt charges must be "explicit." Little v. Kern Cty. Superior Court, 294 F.3d 1075, 1081 (9th Cir. 2002).

"Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." Bright, 596 F.3d at 695–96 (internal quotation marks omitted). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." Id. (internal quotation marks at citations omitted).

3

### III. DISCUSSION

#### A. Contempt

The Court concludes that the government has shown each of the three factors required for the Court to hold Respondent in contempt by clear and convincing evidence. First, the government has submitted the declaration of Revenue Agent Sarah Ho, stating that since the Court issued its enforcement order, "Respondent has . . . not provided any records related to any Swiss bank account." ECF No. 89-1 ¶ 5. Respondent does not contest the existence of such records, nor does he contest that the IRS summons, with which the Court ordered him to comply in its November 25, 2014 order, requested Respondent to "produce all documents in your or any other person's possession, custody, or control, including . . . monthly or periodic statements" for each of Respondent's domestic or foreign bank account. ECF No. 1-2 (emphasis added). At the hearing on the government's motion, Respondent did not contest the existence of at least one Swiss bank account in his name. Respondent further admitted that he had not made any attempts to obtain documents related to this bank account. Accordingly, the Court concludes that the government has shown by clear and convincing evidence that Respondent has violated the Court's enforcement order of November 25, 2014.

Second, because Respondent has produced no documents regarding his Swiss bank accounts, the Court concludes that he has failed to comply with the Court's order "beyond substantial compliance." Respondent argues that he has "substantially complied based on good faith and reasonable interpretations of the [enforcement] Order since it was denied clarification, and [he] has produced all records under his possession, custody, or care." ECF No. 96 at 4 (emphasis added). Respondent inartfully seeks to make a distinction between the documents summoned—those in his "possession, custody, or control"—and the documents, which he believes the IRS has the authority to summon from him—those in his "possession, custody, or care." But this issue has already been decided by the Court in its order enforcing the IRS summons. ECF No. 61 at 4 (rejecting Respondent's argument, noting that "[t]he cases make clear that someone responding to an enforcement subpoena must produce documents in her control as well as those in her possession"). Respondent may not relitigate "the validity of the summons and the

4

1  enforcement order" during contempt proceedings.  Ayres, 166 F.3d at 995; Bright, 596 F.3d at

2  694.  Accordingly, the Court concludes that Respondent has not substantially complied with the

3  enforcement order.

4        Third, Respondent offers no good faith or reasonable interpretation of the Court's

5  enforcement order, which would allow him to avoid producing the documents identified by

6  Revenue Agent Ho.  Once again, Respondent's argument based on the distinction between the

7  documents summoned—those in his "possession, custody, or control"—and the documents, which

8  he believes the IRS has the authority to summon from him—those in his "possession, custody, or

9  care" is irrelevant at this stage because the Court already rejected this argument.  ECF No. 61 at 4;

10  Ayres, 166 F.3d at 995; Bright, 596 F.3d at 694.

11        Having concluded that the government has met its burden, the burden now shifts to

12  Respondent to demonstrate that he was unable to comply with the summons.  Affordable Media,

13  179 F.3d at 1239.  Respondent does not contend that he was unable to comply with the summons.

14  Indeed, Respondent admits that he is capable of requesting the documents at issue from the

15  relevant Swiss bank or banks.  See ECF No. 90 at 2 ("If the Court so rules that Congress intended

16  to incorporate the Federal civil discovery rules, including the discovery concept of 'control' into

17  the summons statute and that this does not constitute pre-trail discovery, then Anderson will sign

18  and send out any such requested letters as he intends to obey all court orders.").

19        Respondent's only remaining argument is that he should not be required to comply with

20  the terms of the summons because "all Swiss records in existence called for in the summons were

21  and are already in the possession of the IRS."  ECF No. 96.  This argument fails for two reasons.

22  First, Respondent cites nothing in the record to support this assertion as a factual matter.  Second,

23  this argument should have been raised during the enforcement proceedings.  See United States v.

24  Ottovich, No. 11-cv-01793-JSW-JCS, 2013 WL 6486919, at *8 (N.D. Cal. Oct. 17, 2013) report

25  and recommendation adopted, No. 11-cv-1793 JSW, 2013 WL 6002356 (N.D. Cal. Nov. 12, 2013)

26  (declining to address arguments relating to "the IRS's pursuit of documents already in its

27  possession" because such arguments should have been raised during enforcement proceedings);

28  Rylander, 460 U.S. at 756 ("It would be a disservice to the law if we were to depart from the long-

standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.") (internal quotation marks omitted).

Accordingly, the Court holds Respondent in contempt for violating the Court's November 25, 2014 enforcement order.[1]

### B.     Sanctions

The Court will hold further contempt proceedings to determine an appropriate sanction on May 26, 2016 at 9:30 a.m.  Respondent is ordered to appear personally at this proceeding. Respondent will no longer be held in contempt if, by the date of this hearing, he **"fully compl[ies]** with the summons[], provide[s] a definitive declaration that documents do not exist or furnish[es] documentation corroborating [his] present inability to comply with the summons[]." Bright, 596 F.3d at 696.

"In determining the amount of a civil contempt sanction, the Court should consider: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; and (3) the burden the sanctions may impose on the contemnor's financial resources." Innovation Ventures, LLC v. N2G Distrib., Inc., No. SACV 12-717 ABC (EX), 2014 WL 10384642, at *6 (C.D. Cal. July 9, 2014). In general, the district court must impose the minimum sanction necessary to secure compliance. United States v. Bright, 596 F.3d 683, 696 (9th Cir. 2010).

In light of these authorities, the Court requires information from the parties regarding the Respondent's financial resources.  The parties shall meet and confer to determine how they intended to provide the Court with that information.  The parties should submit their proposal(s) to

---

[1] At the hearing on the government's motion, the government argued that Respondent had further violated the Court's enforcement order by failing to produce documents related to two loans that Respondent allegedly received in 2009 and 2010, as well as documents from domestic financial institutions in which Respondent held bank accounts.  The government's Motion for Order Finding Respondent in Contempt does not mention either of these categories of documents.  ECF No. 89.  Because Respondent was not given sufficient notice prior to the contempt hearing that the government claimed he violated the Court's enforcement order by failing to produce these categories of documents, those allegations are not before the Court and the Court does not address them in this order.  That the Respondent may have given testimony at the contempt hearing indicating that such documents exist does not change the need for Respondent to have received adequate pre-hearing notice.

the Court by March 31, 2016.

## CONCLUSION

For the foregoing reasons, the Court grants Petitioner's Motion for Order Finding Respondent in Contempt.

IT IS SO ORDERED.

Dated: March 25, 2016

                                            JON S. TIGAR
                                   United States District Judge